## Feldman v. Sterling et al.

474

*Nissenbaum & Maurer*, for plaintiff.

*James J. Regan, Jr.*, for defendants.

FLOOD, J., October 3, 1950.—Plaintiff avers that he and defendant Sterling entered into a written contract of partnership to conduct a trade school known as Sheet Metal Annex. He further avers that defendant Sterling has excluded plaintiff from participation in the business and has declined to furnish him with an accounting concerning its operation and that defendant Lowenthal has been improperly put in possession of partnership assets by Sterling; in contravention of the terms of the agreement. He avers that, as a result, it is impractical for the partnership business to continue

until its stated expiration date and that if it does continue, plaintiff may be liable as a partner for obligations incurred by defendants in the partnership name. He asks that defendants be restrained until final hearing and perpetually thereafter from encumbering or disposing of the assets of the partnership; that the partnership be dissolved; that defendants be directed to account and to deposit all partnership funds in a partnership bank account; that a receiver be appointed; that discovery be made of the whereabouts of all of the assets; that defendants be directed to return all of the books, records, papers and documents to the partnership place of business; that damages be awarded and that an injunction issue restraining defendant Lowenthal from holding himself out as a partner in the business or from exercising any authority over the money or assets of the partnership.

At the hearing on the application for the receiver plaintiff gave evidence that he has been completely excluded from the management of the business, that he has been denied the right to inspect its books and that those books have been taken from the partnership place of business and turned over to defendant Lowenthal, who had no right to possession of them. There was no denial of this testimony at the hearing and for the purposes of preliminary action we take it as verity.

The sole defense to the bill is that since the partnership agreement contains an arbitration clause, the court has no jurisdiction until arbitration has been had in accordance with that clause. The clause provides that "if any disagreement shall arise between . . . the parties, in respect of the conduct of the business . . . of the partnership, or of its dissolution or in respect of any other matter, cause or thing whatsoever, not herein otherwise provided for, the same shall be decided and determined by arbitrators, . . ."

We doubt that the language of the arbitration clause covers the question as to whether the partnership should be dissolved, or that its reference to dissolution means any more than that any dispute in the course of the liquidation shall be arbitrated. It would require very clear language to have us hold that parties have left it to outsiders to determine whether or not they should end their relations. We are not disposed to refuse plaintiff's request to preserve the status quo by reason of the defense asserted.

Under the Arbitration Act of April 25, 1927, P. L. 381, sec. 2, as amended, 5 PS §162, it would appear that plaintiff's failure to aver a request for arbitration and refusal by defendant to accede to that request does not oust the court's jurisdiction or prevent it from proceeding. The burden is rather upon the party who seeks arbitration to apply for a stay until arbitration can be had. If that is so, we cannot withhold our action merely because defendant by preliminary objections raises the issue of arbitration without applying for a stay until arbitration can be had or taking any action on his own part to have the arbitration machinery set into motion.

The undisputed testimony indicates that plaintiff's rights may be in grave danger. There was some indication from his testimony that he slept on his rights and allowed defendants to have complete control for a long period without any objection. However, during this period he received regular payments from the business as provided in the contract and apparently was satisfied to let defendants do what they pleased as long as these payments came in regularly. Now that they have ceased, plaintiff certainly has the right to insist that he be given his contractual share in the management of the firm and to insist that he know what is going on. He is a partner and he may be subject to liability

as a result of the actions of defendant Sterling or even of defendant Lowenthal if he permits, without objection, the conduct of the business or of any part of it by Lowenthal knowing that Lowenthal has been interfering in the conduct of the business. Until a full hearing or at least until the arbitration machinery is put in motion, plaintiff should be protected from having his rights interfered with and from being subjected to liability by the action of defendants in violation of the partnership contract. Even if it is eventually decided that there should be arbitration, we believe that an injunction should issue at this time to preserve the subject matter of the arbitration. In our opinion plaintiff does not have an adequate remedy at law.

We do not think it necessary to appoint a receiver upon this preliminary hearing. We feel, however, that an injunction should be granted under Equity Rule 40 sufficient to protect plaintiff from loss or liability as the result of defendants' action in violation of the written partnership contract.

### Preliminary Decree

And now, October 3, 1950, it is ordered and decreed that defendants are restrained until final hearing or further order of this court:

A. From transferring or in any way disposing of the partnership funds, books, records or assets except in the ordinary course of business;

B. From preventing plaintiff from examining the books and records of the partnership at any time when he desires;

C. From keeping the records, papers or other documents of the partnership at any place other than the place of business of the partnership;

D. From depositing funds of the partnership in any bank account other than an account in the name of the partnership;

E. From disbursing any funds of the partnership except upon check signed by plaintiff as well as defendant Sterling;

It is further ordered and decreed that defendant Lowenthal is restrained until final hearing or further order of this court from holding himself out as a partner with either plaintiff or defendant Sterling, or both, under the name of Sheet Metal Annex or from holding or exercising authority over any money or assets of the partnership or otherwise interfering with the money or property of the partnership. Security is to be entered by plaintiff in the sum of $500.